UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID GLEN HEARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0065-CVE-PJC |
| ) | |
| MIKE ADDISON, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 7) to the petition, and provided copies of state court records (Dkt. ## 7, 8, 9) for the Court's use in evaluating Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On September 29, 2006, in Tulsa County District Court, Case No. CF-2006-2945, Petitioner entered guilty pleas to two counts of lewd molestation, after former conviction of a felony. The trial judge found him guilty of both counts and sentenced him to concurrent prison terms of twenty five (25) years. Petitioner was represented by attorney Cori Grayson at the plea hearing.

Petitioner did not move to withdraw his plea and did not otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). On July 12, 2007, he filed an application for post-conviction relief in the district court. The district court denied the request for post-conviction

relief on September 6, 2007. Petitioner appealed the denial to the OCCA, Case No. PC-2007-0992, and raised two propositions of error, as follows:

> Proposition I: The appeallant [sic] was deprived of his Fourteenth Amendment right to due process of law because the court accepted his pleas of guilt when the facts supporting those pleas did not constitute a violation of the criminal statute charged.
>
> Proposition II: The appellant was deprived of his Sixth Amendment right to effective assiantnce [sic] of counsel because his counsel failed to properly research or understand the law prior to advising him on his pleas of guilt, and because his counsel abandoned him and failed to advise him that grounds existed to file an application to withdraw his plea during the critical ten-day time period immediately following sentencing.

See Dkt. # 7, Ex. 1. On January 15, 2009, the OCCA affirmed the district court's denial of post-conviction relief in a published opinion, Heard v. State, 201 P.3d 182 (Okla. Crim. App. 2009). See Dkt. # 7, Ex. 5.

Petitioner filed the instant habeas corpus petition on February 10, 2009, identifying the following two grounds of error:

> Ground One: Mr. Heard was deprived of his 14th. amendment right to due process of law when the trial court accepted his plea of guilty, though the facts supporting the pleas did not constitue [sic] violations of the criminal statute charged.
>
> Ground Two: Mr. Heard was deprived of his 6th. amendment right to effective assistance of counsel, when trial counsel wholly failed to properly researched [sic] or understand the statute prior to advising a plea of guilty.

See Dkt. # 1. Respondent filed a response (Dkt. # 7) to the petition asserting that Petitioner's ground one claim is not cognizable because it is grounded on state law violations, and ground two is without merit under 28 U.S.C. § 2254(d).

*ANALYSIS*

**A.      Exhaustion**

Before addressing any claim raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c) See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that Petitioner has fairly presented his habeas claims to the OCCA. Therefore, the exhaustion requirement is satisfied in this case.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, both of Petitioner's grounds for relief were adjudicated on the merits in his post-conviction proceedings.

### 1. Crime of lewd molestation not supported by the facts (ground one)

As his first ground of error, Petitioner alleges that the trial court violated his due process rights when it accepted his guilty pleas to the crimes of lewd molestation without an adequate factual basis.[1] Specifically, he claims he did not view the girls' naked bodies or private parts, and thus, was not guilty of lewd molestation as it is defined in the Oklahoma statutes.[2] The OCCA denied this claim on the merits in Petitioner's post-conviction appeal, finding that Petitioner's conduct falls "within the ambit of the crime charged." Heard, 201 P.3d at 183. In rejecting Petitioner's argument and finding there were sufficient facts to satisfy the elements of the crime of lewd molestation, the OCCA interpreted the Oklahoma statute defining the crime, and explained its decision, as follows:

> Heard argues that because he did not see the young girls' "naked" bodies or "naked" private parts he cannot be convicted of lewd molestation. The plain wording of Section 1123 does not include the word "naked" or "naked body" or "naked private parts." The statute does not require the body or private parts looked upon, touched, mauled or felt to be "naked." Under the plain wording of the statute, Heard committed the felony when he followed two underage girls into a store and positioned himself so as to see under their dresses and see their panties, his admitted intent.

Id.

---

[1] When he entered his guilty pleas, Petitioner admitted to positioning himself to look under the dresses of two underage girls while in a Wal-Mart store . See Plea Hr'g Trans., Dkt. # 9 at 13-14.

[2] Okla. Stat. tit. 21, § 1123 A. provides in pertinent part: "Any person who shall knowingly and intentionally . . . [l]ook upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in a lewd or lascivious manner . . . shall be deemed guilty of a felony."

"[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68. This Court must defer to state courts on the interpretation of state law. Burleson v. Saffle, 278 F.3d 1136, 1144 (10th Cir. 2002). Further, the Court notes that the Tenth Circuit has rejected a claim similar to Petitioner's in Berget v. Gibson, 188 F.3d 518, *5 (10th Cir. 1999) (unpublished) (citing Freeman v. Page, 443 F.2d 493 (10th Cir. 1971)).[3] The circuit court found as follows:

> Controlling federal case law teaches that the requirement of a factual basis for a guilty plea is not rooted in the federal Constitution; therefore, it is not redressable under 28 U.S.C. § 2254. Although the lack of a factual basis would violate Rule 11 of the Federal Rules of Criminal Procedure, Rule 11 does not apply in state court. Indeed, the necessity for a factual basis to support a guilty plea in a state court proceeding is a matter of state, not federal law.

Id. Because Petitioner's ground one claim is based on interpretation of state law, the Court concludes that it is not cognizable in these habeas corpus proceedings. For that reason, Petitioner is not entitled to habeas corpus relief on ground one.

### 2. Ineffective assistance of trial counsel (ground two)

As his second ground of error, Petitioner contends that his attorney was ineffective for allowing him to plead guilty to crimes which were not supported by the facts. The OCCA rejected this argument, finding that because Petitioner's conduct fell within the ambit of the crimes charged, his ineffective assistance of counsel claim was meritless. Heard, 201 P.3d at 183.

---

[3] This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance of counsel a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). In a challenge to a guilty plea, the second half of the Strickland standard "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner must show that "there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

The Court finds that in this case, Petitioner has failed to satisfy the first prong of the Strickland standard. He claims that his attorney gave him erroneous advice about the elements of lewd molestation, causing him to plead guilty when the facts did not support the plea. As discussed above, the OCCA found that Petitioner's actions did fall within the parameters of the Oklahoma law on lewd molestation. Thus, his attorney did not commit error in advising him to plead guilty. See e.g., Willingham v. Mullin, 296 F.3d 917, 934 n.6 (10th Cir. 2002) (finding that when substantive claims are rejected on the merits, separate consideration of the associated ineffective assistance claims is unnecessary). Petitioner has failed to demonstrate that the OCCA's rejection of his ineffective assistance of counsel claim was an unreasonable application of the Strickland standard. Therefore, under 28 U.S.C. § 2254(d), he is not entitled to habeas corpus relief on this claim.

## C.  Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus, as amended, shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 28th day of March, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE